# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

ANGELIQUE TILGHMAN                                                            PLAINTIFF

v.                     CASE NO. 3:17-CV-00335 BSM

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, et al.                                        DEFENDANTS

## ORDER

Allstate Property and Casualty Insurance's ("Allstate") motion for summary judgment [Doc. No. 37] is granted, Angelique Tilghman's motion for partial summary judgment [Doc. No. 46] is denied, and Tilghman's motion to exclude [Doc. No. 49] is denied. Further, the trial date is continued until October 7, 2019.

## I. BACKGROUND

While not apparent from the hundreds of pages of briefing and thousands of pages of documents submitted on summary judgment, this is a simple case arising out of a car accident in 2010, which resulted in $406.81 in property damage. *See* Def.'s Resp. to Mot. Summ. J. ¶ 2, Doc. No. 58.

On January 21, 2010, an uninsured driver rear-ended Tilghman's 2007 GMC Yukon. Pl.'s Br. Supp. Resp. to Mot. Summ. J. at 5, Doc. No. 53. Tilghman went to the emergency room, where her x-rays were normal. *Id.* at 6. Tilghman later went to a chiropractor, who disagreed with the emergency room diagnosis of strains and found a host of medical problems attributable to the accident. *See id.* Tilghman claims she racked up over $30,000 in medical expenses, will need approximately $46,000 of chiropractic treatment over the rest

of her life, and has lost $440,000–$1,000,000 in earning capacity. Def.'s Mot. Summ. J. ¶ 2, Doc. No. 37. The damage to her car totaled $406.81. *Id.* ¶ 1.

Tilghman was insured by Allstate and had $50,000 of uninsured motorist coverage. Def.'s Br. Supp. Mot. Summ. J. at 7, Doc. No. 38. Tilghman did not seek recovery under this policy until March of 2015. *Id.* at 16. Allstate initially offered $32,000 to settle based on information taken from a software tool, Colossus, which estimated Tilghman's damages at $36,999. Allstate eventually offered to settle for $40,000. *Id.* at 6–7.

Tilghman has been involved in several other accidents before and since the January 21, 2010, accident. *Id.* at 13. She sustained injuries in at least some of them and filed other personal injury claims arising out of those accidents. *See id.* at 3, 14. Indeed, Tilghman had been treating with chiropractors for years before the accident at issue in this case, and she was considered 100% disabled and unable to work prior to this accident. *Id.* at 2–3. The parties dispute the extent to which Tilghman's past and ongoing medical problems are related to the January 21, 2010, accident. *See id.* at 4; Pl.'s Br. Supp. Resp. Mot. Summ. J. at 13.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336,

340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.*

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). All reasonable inferences must be drawn in a light most favorable to the non-moving party, *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007), but a party's own self-serving, conclusory allegations in an affidavit or deposition, standing alone, are insufficient to defeat summary judgment. *Haas v. Kelly Services*, 409 F.3d 1030, 1034 (8th Cir. 2005). Finally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

A. <u>Allstate's Motion for Summary Judgment</u>

*1. Wrongful Action in Performance of the Policy*

The motion for summary judgment is granted as to the claim for wrongful action in performance of the insurance policy because there is no precedent for this tort claim. "[N]egligent performance of an insurance contract is not a tort in Arkansas." *Chi. Title Ins. Co. v. Ark. Riverview Dev., LLC*, 573 F. Supp. 2d 1152, 1159 (E.D. Ark. 2008). Tilghman relies on dicta to support her position that a tort may exist for misfeasance in refusing to perform on an insurance contract. Pl.'s Br. Supp. Resp. to Mot. Summ. J. at 51; *see Farm*

*Bureau Ins. Co. of Ark., Inc. v. Running M Farms, Inc.*, 237 S.W.3d 32 (Ark. 2006). She has failed, however, to identify Arkansas Supreme Court precedent recognizing this tort or even articulating the elements of this tort.

*2. Bad Faith*

The motion for summary judgment is granted on the bad faith claim. Tilghman can only recover for bad faith if Allstate affirmatively engaged in "dishonest, malicious, or oppressive" misconduct in trying to avoid liability under the policy, without a good faith reason for doing so. *Sims v. St. Farm Mut. Auto. Ins. Co.*, 894 F.3d 941, 945 (8th Cir. 2018) (quoting *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 664 S.W.2d 463, 465 (Ark. 1984)). Negligence or even total failure to investigate the claim does not constitute bad faith; rather, the misconduct "must be carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Id.* (quoting *St. Auto Prop. & Cas. Ins. Co. v. Swaim*, 991 S.W.2d 555, 559 (Ark. 1999)). This is a difficult standard to satisfy. *Id.*

Nothing indicates Allstate's actions were "dishonest, malicious, or oppressive." *See Sims v. State Farm Mutual Automobile Insurance Company*, 4:13-CV-00371 JLH, 2015 WL 11090627 at *1 (E.D. Ark. June 9, 2015) (granting summary judgment on bad faith claim when insurer denied full coverage on underinsured motorist claim), *aff'd*, 894 F.3d 941. It is misguided to assert that an insurer acts in bad faith simply by refusing to settle an uninsured motorist claim for the policy limit. Tilghman's remedy, if any, is in contract law. *See Sims*, 894 F.3d at 946; *Sims*, 2015 WL 11090627 at *2.

4

Further, this case is dissimilar from cases where Arkansas courts allowed bad faith claims. *See Sims*, 2015 WL 11090627 at *2 (collecting cases). Bad faith claims are permitted when insurance companies engage in truly egregious misconduct such as lying about coverage, converting the insured's property, or intentionally altering records. *See id.* Nothing similar occurred here.

B.  Tilghman's Motion for Partial Summary Judgment

Tilghman moves for partial summary judgment [Doc. No. 46] to prohibit Allstate from using the low severity of impact and the low value of property damage from the accident to support its position that Tilghman's injuries were slight or nonexistent. Pl.'s Reply Supp. Mot. Summ. J. at 5, Doc. No. 66. Tilghman refers to this as the "minor impact, soft tissue" ("MIST") defense. Pl.'s Mot. Summ. J. ¶¶ 13, 15, Doc. No. 46; Pl.'s Br. Supp. Mot. Summ. J. at 7, Doc. No. 47. Tilghman cites expert testimony from Lance Audirsch, a doctor of chiropractic, asserting that the MIST defense is flawed because there is no correlation to the amount of damage to the vehicles and the amount of damage to the people in those vehicles. *See* Pl.'s Br. Supp. Mot. Summ. J. at 7. Tilghman argues Audirsch's testimony and related medical evidence precludes Allstate from using the MIST defense. *See id.*

Tilghman's argument is unpersuasive because it misapplies the summary judgment standard. Despite Tilghman's assertions, Audirsch's testimony does not render the MIST defense inadmissible. It merely creates a factual dispute, which a jury must resolve. *See* Fed. R. Civ. P. 56. An article authenticated by Audirsch himself states that neck injuries are more

5

likely in more severe car crashes. *See* Audirsch Aff. ¶ 30, Doc. No. 46-1; Farmer et al. at 722, Doc. No. 46-24. There is therefore some admissible evidence in the record that the severity of a crash is correlated with the severity of injury, and the motion for partial summary judgment on this defense is denied.

    C.    <u>Tilghman's Motion to Exclude</u>

Tilghman's motion to exclude [Doc. No. 49] is denied. Tilghman objects to Allstate's experts because they are untimely disclosed. Pl.'s Br. Sup. Mot. Exclude at 5, Doc. No. 50. If Allstate's experts are offered "solely to contradict or rebut evidence" offered by Tilghman's experts, then Allstate did not timely disclose its experts, and they could be excluded. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). If Allstate's experts are offered for any other purpose, then Allstate disclosed its experts in time. *See* Fed. R. Civ. P. 26(a)(2)(D)(i); Def.'s Br. Supp. Resp. Mot. Exclude at 2, 4, Doc. No. 61.

Allstate's experts are not offered solely as rebuttal witnesses because Tilghman did not adequately disclose the substance of her experts' testimony. In other words, there is no properly-disclosed expert testimony to rebut. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C). To properly disclose its experts' testimony, the "disclosure must be accompanied by a written report" or, if no report is required, a statement on "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." *Id.*

Tilghman did not present expert reports, and the statement and summary presented is

inadequate to qualify as proper disclosure. *See Anderson v. Bristol, Inc.*, 936 F. Supp. 2d 1039, 1060 (S.D. Iowa 2013) ("[W]hen a party merely states the name of the witness along with the witness' connection to the case, or where the party solely refers to medical or similar records that have already been produced, without providing a summary of the witness' expected testimony, the party is not in full compliance with the disclosure requirements found in Rule 26(a)(2)(C)."). Allstate's experts are therefore not offered solely for rebuttal and were properly disclosed. The motion to exclude them is denied.

## IV. CONTINUANCE

Due to a two-week capital habeas corpus hearing beginning on September 16, 2019, *see* ECF No. 5:13-CV-00005 BSM, the trial date herein is continued from September 23, 2019 to October 7, 2019, in Jonesboro.

## V. CONCLUSION

For the forgoing reasons, Allstate's motion for summary judgment [Doc. No. 37] is granted, Tilghman's motion for partial summary judgment [Doc. No. 46] is denied, and Tilghman's motion to exclude [Doc. No. 49] is denied. Further, the trial date is continued until October 7, 2019.

IT IS SO ORDERED this 21st day of August 2019.

_____
UNITED STATES DISTRICT JUDGE