# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

ANGELIQUE TILGHMAN                                                     PLAINTIFF

v.                  CASE NO. 3:17-CV-00335 BSM

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                          DEFENDANT

## ORDER

Allstate Property and Casualty Insurance Company's motion in limine [Doc. No. 75] is granted or denied as follows:

The motion to exclude disparaging opinions of Allstate or other insurance companies is granted unless Allstate or its counsel opens the door. Plaintiff's counsel is ordered to approach the bench before offering such opinions.

The motion to exclude evidence of an MRI is granted without objection.

The motion to exclude Lance Audirsch's testimony as untimely is denied because Allstate was on notice that Audirsch would offer testimony as a treating chiropractor, which could include testimony about causation. Allstate had adequate opportunity to depose Audirsch.

The motion to prevent use of the term "impairment" unless it meets the American Medical Association Guideline definition of the word is denied.

The motion to exclude evidence relating to Tilghman's lost earning capacity is granted without objection.

Angelique Tilghman's motion in limine [Doc. No. 77] is granted or denied follows:

The motion to exclude reference to any motions in limine or any prior rulings is granted without objection.

The motion to exclude reference to Tilghman's receipt of benefits from a collateral source is granted without objection.

The motion to restrict Allstate from making certain arguments is granted as to any unduly prejudicial statements, and the motion to require use of a professional title in reference to chiropractors is granted without objection. This ruling does not prevent Allstate from contesting the reasonableness of the medical treatments provided to Tilghman.

The motion to exclude evidence of Tilghman's prior accidents is denied.

The motion to restrict Allstate's arguments about secondary gain is denied without prejudice.

Tilghman's motion to allow her to give "answering evidence" is denied without prejudice.

The motion to exclude argument that the dispute should have been resolved out of court is granted, but the motion is denied to the extent it would prohibit Allstate from showing that it complied with its contractual obligations.

The motion to exclude insinuations that evidence is being withheld is granted.

The motion to exclude evidence regarding Tilghman's bankruptcy filing is granted without objection.

The motion to exclude evidence that Tilghman was involved in accidents in the first and fourth grade is denied without prejudice.

The motion to exclude evidence that Tilghman was involved in a collision in 1999 is denied without prejudice.

The motion to exclude evidence that Tilghman was involved in a collision in 2001 is denied without prejudice.

The motion to exclude evidence of Tilghman's accident history is denied without prejudice.

The motion to exclude evidence of Tilghman's mental health history is granted.

The motion to exclude evidence regarding Tilghman's difficulty obtaining insurance and her in-laws paying for her insurance is granted.

The motion to exclude evidence as to whether Tilghman was wearing a seatbelt is denied.

The motion to exclude references to "cracking" or "popping" in chiropractic treatment is denied.

The motion to exclude Tilghman's prior testimony for substantive evidence is denied.

The motion to exclude testimony regarding Brian Tilghman's chiropractic treatments is granted.

The motion to exclude testimony regarding Brian Tilghman's mental health history is granted.

The motion to preclude questions to Brian Tilghman about Tilghman's neck and face pain in 2009 is denied.

The motion to preclude questions to Brian Tilghman about a 2009 collision that may have been mistakenly identified as a 2007 collision is denied.

The motion to preclude questions to Brian Tilghman about uninsured motorist issues, of which Brian Tilghman has no personal knowledge, is granted.

The motion to preclude questions to Brian Tilghman about his parents paying his and Tilghman's insurance is granted.

The motion to exclude evidence of marital counseling is granted unless Tilghman opens the door.

The motion to preclude references to misdiagnoses or whether Tilghman's physicians have misled her is denied.

The motion to preclude questions to Audirsch about treatments he gave to Tilghman following other accidents is denied.

The motion to preclude questions regarding the cause of Tilghman's symptoms is denied.

The motion to preclude questions about the "normal" time for soft tissue injuries to heal is denied.

The motion to exclude defense counsel's personal experiences with scoliosis is granted without objection.

The motion to exclude speculative testimony from Steven Bennett is denied without prejudice because it cannot be determined whether his testimony will be speculative until it is heard in context.

The motion to exclude speculative testimony from Robert Shackelford is denied without prejudice because it cannot be determined whether his testimony will be speculative until it is heard in context.

The motion to exclude reference to "cracking" and "popping" is denied.

The motion to exclude communication between Shackelford's office and plaintiff's counsel's law firm is granted to the extent it seeks to exclude work product, but otherwise denied without prejudice because it is unclear how these documents will be used.

The motion to exclude reference to Donald Roe's 1993 accident and use of a disability policy is granted without objection.

The motion to exclude references to Roe receiving Social Security is granted without objection.

The motion to exclude speculation that car wrecks caused Tilghman's headaches prior to 2010 is denied.

The motion to exclude speculation that Tilghman's migraine headaches were the same before and after 2010 is denied.

The motion to exclude speculation that Tilghman had a Chiari malformation before the 2010 collision is denied.

The motion to exclude testimony about Brian Tilghman treating with Roe is granted.

The motion to exclude testimony about how Roe's treatment works is denied.

The motion to exclude Brannon Treece from referring to Tilghman's other accidents is denied.

The motion to exclude testimony about failure to mitigate damages is denied.

The motion to exclude reference to Tilghman's receipt of benefits from a collateral source is granted without objection.

The motion to exclude reference to chiropractic treatment making Tilghman's headaches worse is denied.

The motion to prohibit questions about "normal" soft tissue injuries is denied.

The motion to exclude reference to a report dated May 17, 2017, is denied.

The motion to exclude testimony about a Chiari malformation is denied.

The motion to prevent David Harshfield from testifying about the cause of Tilghman's injuries is denied.

The motion to prevent Harshfield from testifying about a trend of doing more radiological studies on younger patients is denied without prejudice.

The motion to exclude evidence about how Tilghman came to retain her lawyer and the history of her representation is granted.

The motion to exclude evidence of injuries to other passengers is denied.

The motion to exclude evidence of preexisting conditions is denied.

The motion to exclude evidence obtained from Hallmark Insurance Company and evidence presented by Joseph Cormier is denied without prejudice.

The motion to exclude Shane McAlister's testimony is denied.

The motion to exclude Richard Nix and McAlister as untimely disclosed is denied.

The motion to exclude evidence that Tilghman was not wearing her seatbelt is denied.

The motion to broadly exclude references to what might have caused Tilghman's injuries is denied. Tilghman may object if questions at trial call for speculation.

The motion to exclude any reference to the "McDonald's Coffee Case" is granted without objection.

The parties are directed to meet and decide on the exhibits that will be introduced without objection, and to send a list of those exhibits, along with a joint set of jury instructions and instructions to which there are objections, by Thursday, March 12, 2020.

IT IS SO ORDERED this 4th day of March 2020.

                                                        UNITED STATES DISTRICT JUDGE